LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, State Bar No. 144074
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
(818) 347-3333 - Telephone
(818) 347-4118 - Facsimile
dalekgalipo@yahoo.com

Attorney for Plaintiffs

FILED

2009 FEB 25 PM 1:48

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY ____________

**UNITED STATES DISTRICT COURT FOR THE**

**CENTRAL DISTRICT OF CALIFORNIA**

EDWARD KING, AJA JAEGER,

Plaintiffs,

v.

CITY OF SAN BERNARDINO; OFFICER ADAM AFFRUNTI, OFFICER ELIZABETH CONTRERAS, and DOES 1 - 10,

Defendants.

CASE NO.: CV 09 - 01339 SJO (PJWx)

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

**VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. 1983**

**DEMAND FOR JURY TRIAL**

FILED BY FAX
CRC 2005

**PLAINTIFFS,** EDWARD KING and AJA JAEGER, allege as follows:

**I.**

**JURISDICTION**

1. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by on 42 U.S.C. Section 1983, 1985, 1986, 1988, and the Fourth Amendment of the United States Constitution. Jurisdiction is

founded on 28 U.S.C. Section 1331 and 1343(1),(2),(3) and (4), and the aforementioned statutory and Constitutional provisions.

## II.

## VENUE

2. Venue is proper in the Central District of California. The injury occurred in San Bernardino, California. On information and belief, the plaintiffs allege that defendants reside within the jurisdictional limits of this court.

## III.

## PARTIES

3. Plaintiffs are individuals who at all times resided in the State of California.

4. Plaintiffs are suing for violations of their civil rights under 42 U.S.C. § 1983.

5. At all times mentioned herein, defendant, CITY OF SAN BERNARDINO (hereinafter referred to as "CITY") is and at all times mentioned herein, was a duly organized public entity, form unknown, and existing under the laws of the State of California.

6. Defendant, OFFICER ADAM AFFRUNTI, and DOES 1 through 10 was a City Officer, who was at the time of committing the acts alleged hereinafter, duly authorized employees and agents of the CITY, who were acting within the course and scope of his respective duties and under color of law.

7. Defendant, OFFICER ELIZABETH CONTRERAS, and DOES 1 through 10 was a City Officer, who was at the time of committing the acts alleged hereinafter, duly authorized employees and agents of the CITY, who were acting within the course and scope of her respective duties and under color of law.

8. At all times mentioned herein, defendants, and each of them, were and now are residents of the City of San Bernardino, State of California.

9. At all times mentioned herein, defendant, CITY OF SAN BERNARDINO (hereinafter referred to as "CITY") is and at all times mentioned herein, was a duly organized public entity, form unknown, and existing under the laws of the State of California.

10. Defendants, OFFICER ADAM AFFRUNTI and DOES 1 through 10 were City Police Officers, who were at the time of committing the acts alleged hereinafter, duly authorized employees and agents of the CITY, who were acting within the course and scope of their respective duties and with the complete authority and ratification of their principal, the defendant, CITY.

11. Defendant, OFFICER ELIZABETH CONTRERAS and DOES 1 through 10 were City Police Officers, who were at the time of committing the acts alleged hereinafter, duly authorized employees and agents of the CITY, who were acting within the course and scope of their respective duties and with the complete authority and ratification of their principal, the defendant, CITY.

12. At all times mentioned herein, all defendants, named and unnamed, were and now are duly appointed officers and/or employees or agents of City, subject to oversight and supervision by the City's elected and non-elected officials.

13. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant herein.

14. The true defendants DOES 1 through 10, Inclusive, are unknown to plaintiffs, who therefore sues these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

15. In doing the acts and failing and omitting to act as hereinafter

described, defendants, and each of them, were acting on the implied and actual permission and consent of CITY.

## IV.

## FACTS COMMON TO ALL COUNTS/CAUSES OF ACTION

16. Plaintiffs re-allege and incorporate by reference all factual contents of paragraph 1 through 15 herein.

17. On or about, February 26, 2007, the plaintiff, EDWARD KING and AJA JAEGER (hereinafter referred to as "PLAINTIFFS") were detained by OFFICER ADAM AFFRUNTI and OFFICER ELIZABETH CONTRERAS and DOES 1 through 10, of the City of San Bernardino Police Department, a department of CITY. After being pulled over for no reason and without probable cause, the plaintiff EDWARD KING was shot by OFFICER ADAM AFFRUNTI.

18. Despite EDWARD KING not posing any reasonable immediate threat of death or serious bodily injury to anyone, Officer ADAM AFFRUNTI shot him thereby permanently injuring him.

19. OFFICER ADAM AFFRUNTI was not in imminent fear of death or serious bodily injury when the shots were fired and a reasonably trained officer in Officer Affrunti's position would not have shot Mr. King. The shooting was unreasonable and excessive under the circumstances.

20. Officer Affrunti actions were unreasonable and done in bad faith to intentionally shoot the plaintiff in conscious disregard of the plaintiff's rights and with a deliberate indifference to the plaintiff's health and well being.

21. Defendants, OFFICER ADAM AFFRUNTI, OFFICER ELIZABETH CONTRERAS and DOES 1 through 10, were informed of the seriousness of plaintiff's condition. Although the aforementioned defendant had actual and or constructive notice and knowledge of plaintiff's serious medical condition and had the ability to provide plaintiff with the immediate medical care he needed, said defendant intentionally and unjustifiably failed to timely summon medical care to

the plaintiff EDWARD KING.

22. Furthermore, the aforementioned defendants, although having actual and constructive notice and knowledge of plaintiff's serious medical conditions, intentionally and unjustifiably refused to provide plaintiff with the ability to obtain medical care that he required. Notwithstanding that these defendants had knowledge that there existed written CITY policies and procedures that provided each of these defendants with the duty, legal authority, and the resources to provide EDWARD KING, with the necessary medical care he required. As a direct result of the defendants shooting the plaintiff combined with the defendants intentional and unjustifiable failure to provide the plaintiff with appropriate medical care.

**V.**

**FIRST CAUSE OF ACTION**

**DEPRIVATION OF CIVIL RIGHTS**

**(FOURTH AMENDMENT)**

23. Plaintiffs re-allege and incorporate by reference all factual contents of paragraph 1 through 22 herein.

24. On February 26, 2007, the defendants observed the plaintiff EDWARD KING in a gray PT Cruiser. For no valid reason and without probable cause, OFFICER ADAM AFFRUNTI, OFFICER ELIZABETH CONTRERAS and DOES 1 - 10 pulled the plaintiff's vehicle over in an attempt to detain or arrest the plaintiffs without probable cause. Officer Affrunti then unjustifiably shot the plaintiff EDWARD KING. Officer Contreras unlawfully detained and arrested the plaintiff AJA JAEGER without probable cause, all in violations of the Fourth Amendment of the United States Constitution.

25. Plaintiffs deny that they had committed any crime, but even if the plaintiff had committed a crime, defendant OFFICER ADAM AFFRUNTI was not justified in using deadly force to prevent the plaintiff's escape. In addition, at the

time that the plaintiff was shot, the plaintiff posed no significant threat of death or serious physical injury to either defendant or the public if the plaintiff was not immediately apprehended. As a result, the use of excessive force upon the plaintiff was unreasonable and totally without justification and done with a deliberate indifference to the plaintiffs' rights.

26. The conduct of defendants as describe above deprived the plaintiffs of plaintiffs' right to be secure in his person against unreasonable searches and seizure as guaranteed to the plaintiff under the Fourth Amendment to the United States Constitution, of plaintiff's right not to be deprived of life, liberty, or property without due process of law and to be accorded to equal protection of the laws as guaranteed under the Fourteenth Amendment to the United States Constitution.

27. During the course of this pursuit, defendants, and each of them, conspired to and in fact did deprive Plaintiffs of life and liberty as would shock the conscience in violation of plaintiffs' rights to same and guaranteed by the Fourth (4th) Amendment to the United States Constitution. All of rights of plaintiff, as set forth, were violated by defendants and each of them by the use of brutal, excessive, unreasonable and unnecessary physical force upon the person of plaintiff EDWARD KING, as more specifically set forth.

28. As a proximate result of the conduct of defendants, and each of them, as set forth, the plaintiffs were deprived of their constitutional rights of life, liberty and due process.

29. The conduct of defendant, OFFICER ADAM AFFRUNTI was willful, oppressive, malicious and done with a reckless disregard for the rights and safety of the Plaintiff and, therefore, warrants the imposition of exemplary and punitive damages as to defendant OFFICER ADAM AFFRUNTI.

///

///

## VI.

## SECOND CAUSE OF ACTION

## MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOMS AND PRACTICES THAT RESULTED IN CONSTITUTIONAL DEPRIVATION, BY ALL PLAINTIFFS AGAINST DEFENDANT CITY OF SAN BERNARDINO

30. Plaintiffs re-allege and incorporate by reference all factual contents of paragraphs 1 through 29 and incorporates them herein as though set forth at length in their entirely

31. On and for some time prior to February 26, 2007, and continuing to the present date) defendants CITY and DOES 1 through 10, deprived plaintiffs, of the rights and liberties secured to him by the 4th, and 14th Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and "deliberate indifference" to the rights and liberties of the public in general, and of plaintiffs and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized CITY custom, policy, and practice of:

(a) Employing and retaining as police officers and other personnel, OFFICER ADAM AFFRUNTI including DOES 1 through 10, inclusive, who defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating suspects in custody by failing to follow written CITY Police Department policies, and ignoring mandatory State and Federal mandates requiring said defendants to provide civilian suspects in the custody of the CITY with the necessary medical care,

including taking affirmative action to transfer a civilian suspect such as EDWARD KING to a hospital when the medical condition requires it, thereby subjecting civilians such as EDWARD KING, to cruel and unusual punishment, in violation of the of the Constitution of the United States of America.

(b) Of inadequately supervising, training, controlling, assigning, and disciplining City of San Bernardino police officers, and CITY other CITY personnel, including DOES 1 through 10, inclusive, who defendants, CITY and DOES 1 through 10, each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by the individual named defendants, and DOES 1 through 10, who are CITY deputy sheriffs, whom deliberately ignore the medical needs of inmates arrested and detained by the defendant CITY deputy sheriffs.

d) By having and maintaining an unconstitutional custom and practice of using excessive force, including deadly force and detaining and arresting individuals without probable cause. The custom of practice of using excessive force by the CITY was done with a deliberate indifference to individuals' safety and rights.

e) The City condoned and ratified Officer Affrunti's use of unjustified deadly force which led to the shooting of several other individuals in the same year as the shooting of Edward

King.

32. By reason of the aforementioned policies and practices of defendants's CITY, and DOES 1 through 10, EDWARD KING was severely injured and subjected to unacceptable cruel and castigating pain and suffering, which was also caused by the aforementioned policies and practices hereunder described all to Plaintiffs' damages as described elsewhere herein.

33. Defendants, CITY OF SAN BERNARDINO, and DOES 1 through 10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the Constitutional rights of EDWARD KING, and other individuals similarly situated.

34. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, defendants, and each of them, acted with an intentional, reckless and callous disregard for the life of EDWARD KING and his constitutional as well as human rights. Defendants and each of their actions were wilful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

35. Furthermore, the policies, practices and customs implemented and maintained and still tolerated by defendants, CITY, and various officials and supervisory personnel within these agencies were affirmatively linked to and were a significantly influential force behind the injuries of EDWARD KING.

36. By reason of the aforementioned acts and omissions of defendants and each of them, plaintiffs were caused to incur medical expense and related expenses in an amount to be established at trial.

37. By reason of the aforementioned acts and omissions of defendants

and each of them, plaintiffs have physical injuries, emotional distress, mental anguish, and loss of enjoyment of life.

38. The aforementioned acts of all of the named individual defendants, and DOES 1 through 10, and each of them, (except defendant CITY) was done by each individual defendant knowingly, intentionally, and maliciously for the purpose of harassment, oppression and inflicting injury upon EDWARD KING, and in reckless disregard of EDWARD KING's safety, security and civil rights and by reason thereof, plaintiffs claim exemplary and punitive damages from each individual defendant (except defendants CITY) according to proof at trial.

39. By reason of the aforementioned acts of defendants and each of them, plaintiffs were required to and did retain an attorney to institute and prosecute the within action, and to render legal assistance to plaintiffs, so that they might vindicate the losses and impairments of their constitutional rights; and by reason thereof, plaintiffs each individually in their own capacity request payment by defendants of a reasonable sum as attorneys fees pursuant to Title 42 U.S.C. section 1988.

WHEREFORE Plaintiffs pray for Judgment against defendants, and each of them, as follows:

1. For general damages in the amount to be proved at trial.
2. For special damages according to proof.
3. Exemplary damages, but only against each of the individual defendants, according to proof as to each, or an amount sufficient to deter and to make an example of those defendants;
4. Reasonable attorney fees and expenses of litigation, including those fees permitted by 42 U.S.C. Section 1988.
5. For costs incurred herein; and for such further relief as the Court may deem just and proper.

Dated: February 21, 2009

LAW OFFICES OF DALE K. GALIPO

By: [signature]
DALE K. GALIPO
Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

**COMES NOW PLAINTIFFS,** hereby, and respectfully demand that the present matter be set for a jury trial.

Dated: February 21, 2009

LAW OFFICES OF DALE K. GALIPO

By: ______________________
DALE K. GALIPO
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

**CV09- 1339 SJO (PJWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD KING, AJA JAEGER,<br><br>Plaintiffs,<br>vs.<br><br>CITY OF SAN BERNARDINO; OFFICER ADAM AFFRUNTI; OFFICER ELIZABETH CONTRERAS, and DOES 1 - 10,<br><br>Defendants. | Case Number:<br><br>CV 09 - 01339<br><br>SUMMONS |

TO: THE ABOVE-NAMED DEFENDANTS (S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney Dale K. Galipo, Esq., whose address is:

Law Offices of Dale K. Galipo
21800 Burbank Blvd., Suite 310
Woodland Hills, California 91367

An answer to the X complaint ☐ ____________ amended complaint ☐ counterclaim ☐ cross-claim
Which is herewith served upon you within 20 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

TERRY NAFISI

CLERK, U.S. DISTRICT COURT

Date: FEB 25 2009

By: ______________________
Deputy Clerk

(Seal of the Court)

SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself [ ])
EDWARD KING, AJA JAEGER

**DEFENDANTS**
CITY OF SAN BERNARDINO, OFFICER ADAM AFFRUNTI, OFFICER ELIZABETH CONTRERAS

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
DALE K. GALIPO, ESQ., SBN. 144074
LAW OFFICES OF DALE K. GALIPO
21800 BURBANK BLVD., SUITE 310
WOODLAND HILLS, CALIFORNIA 91367
dalekgalipo@yahoo.com
818-347-3333

Attorneys (If Known)

FILED BY FAX
CRC 2005

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

[ ] 1 U.S. Government Plaintiff
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 2 U.S. Government Defendant
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify):
[ ] 6 Multi-District Litigation
[ ] 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [ ] Yes [ ] No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** [ ] Yes [X] No

[ ] **MONEY DEMANDED IN COMPLAINT: $** 0.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of Constitutional Rights pursuant to U.S.C. 1983

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
[ ] 400 State Reapportionment
[ ] 410 Antitrust
[ ] 430 Banks and Banking
[ ] 450 Commerce/ICC Rates/etc.
[ ] 460 Deportation
[ ] 470 Racketeer Influenced and Corrupt Organizations
[ ] 480 Consumer Credit
[ ] 490 Cable/Sat TV
[ ] 810 Selective Service
[ ] 850 Securities/Commodities/ Exchange
[ ] 875 Customer Challenge 12 USC 3410
[ ] 890 Other Statutory Actions
[ ] 891 Agricultural Act
[ ] 892 Economic Stabilization Act
[ ] 893 Environmental Matters
[ ] 894 Energy Allocation Act
[ ] 895 Freedom of Info. Act
[ ] 900 Appeal of Fee Determination Under Equal Access to Justice
[ ] 950 Constitutionality of State Statutes

**CONTRACT**
[ ] 110 Insurance
[ ] 120 Marine
[ ] 130 Miller Act
[ ] 140 Negotiable Instrument
[ ] 150 Recovery of Overpayment & Enforcement of Judgment
[ ] 151 Medicare Act
[ ] 152 Recovery of Defaulted Student Loan (Excl. Veterans)
[ ] 153 Recovery of Overpayment of Veteran's Benefits
[ ] 160 Stockholders' Suits
[ ] 190 Other Contract
[ ] 195 Contract Product Liability
[ ] 196 Franchise

**REAL PROPERTY**
[ ] 210 Land Condemnation
[ ] 220 Foreclosure
[ ] 230 Rent Lease & Ejectment
[ ] 240 Torts to Land
[ ] 245 Tort Product Liability
[ ] 290 All Other Real Property

**TORTS PERSONAL INJURY**
[ ] 310 Airplane
[ ] 315 Airplane Product Liability
[ ] 320 Assault, Libel & Slander
[ ] 330 Fed. Employers' Liability
[ ] 340 Marine
[ ] 345 Marine Product Liability
[ ] 350 Motor Vehicle
[ ] 355 Motor Vehicle Product Liability
[ ] 360 Other Personal Injury
[ ] 362 Personal Injury-Med Malpractice
[ ] 365 Personal Injury-Product Liability
[ ] 368 Asbestos Personal Injury Product Liability

**TORTS PERSONAL PROPERTY**
[ ] 370 Other Fraud
[ ] 371 Truth in Lending
[ ] 380 Other Personal Property Damage
[ ] 385 Property Damage Product Liability

**BANKRUPTCY**
[ ] 422 Appeal 28 USC 158
[ ] 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
[ ] 441 Voting
[ ] 442 Employment
[ ] 443 Housing/Accommodations
[ ] 444 Welfare
[ ] 445 American with Disabilities - Employment
[ ] 446 American with Disabilities - Other
[X] 440 Other Civil Rights

**PRISONER PETITIONS**
[ ] 510 Motions to Vacate Sentence Habeas Corpus
[ ] 530 General
[ ] 535 Death Penalty
[ ] 540 Mandamus/ Other
[ ] 550 Civil Rights
[ ] 555 Prison Condition

**FORFEITURE / PENALTY**
[ ] 610 Agriculture
[ ] 620 Other Food & Drug
[ ] 625 Drug Related Seizure of Property 21 USC 881
[ ] 630 Liquor Laws
[ ] 640 R.R. & Truck
[ ] 650 Airline Regs
[ ] 660 Occupational Safety/Health
[ ] 690 Other

**LABOR**
[ ] 710 Fair Labor Standards Act
[ ] 720 Labor/Mgmt. Relations
[ ] 730 Labor/Mgmt. Reporting & Disclosure Act
[ ] 740 Railway Labor Act
[ ] 790 Other Labor Litig.
[ ] 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
[ ] 820 Copyrights
[ ] 830 Patent
[ ] 840 Trademark

**SOCIAL SECURITY**
[ ] 861 HIA (1395ff)
[ ] 862 Black Lung (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID Title XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 Taxes (U.S. Plaintiff or Defendant)
[ ] 871 IRS - Third Party 26 USC 7609

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? [ ] No [ ] Yes
If yes, list case number(s):

PJWx

**FOR OFFICE USE ONLY:** Case Number: CV 09 - 01339 SJO

CV-71 (07/05) CIVIL COVER SHEET Page 1 of 2
CCD-JS44

FEB 2 5 2009

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? [X] No [ ] Yes

If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) [ ] A. Arise from the same or closely related transactions, happenings, or events; or
[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)

[ ] Check here if the U.S. government, its agencies or employees is a named plaintiff.

Edward King, San Bernardino, California; Aja Jaeger, San Bernardino, California

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).

[X] Check here if the U.S. government, its agencies or employees is a named defendant.

City of San Bernardino

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)

**Note:** In land condemnation cases, use the location of the tract of land involved.

County of San Bernardino

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** ______ Date 2/20/2009
Dale K. Galipo

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |