1
2
3
4
5
6
7

8             UNITED STATES DISTRICT COURT
9             CENTRAL DISTRICT OF CALIFORNIA
10                    WESTERN DIVISION
11

12  EDWARD KING; and AJA JAEGER    ) CASE NO. CV 09-01339-SJO (PJWx)
13              Plaintiffs,         )
                                    ) **STIPULATED PROTECTIVE**
14                                  ) **ORDER**
15      v.                          )
                                    )
16  CITY OF SAN BERNARDINO;         )
17  OFFICER ADAM AFFRUNTI in his    )
    individual capacity; OFFICER    )   *See changes*
18  ELIZABETH CONTRERAS in her      )   *page 2*
    individual capacity; and DOES 1-10, )
19  inclusive,                      )
20                                  )
              Defendants            )
21

22      Plaintiffs, Edward King and Aja Jaeger, (hereinafter "Plaintiffs") and
23  Defendants, City of San Bernardino, Officer Adam Affrunti and Officer Elizabeth
24  Contreras (hereinafter "Defendants"), having stipulated that this order may be
25  entered:
26  //
27  //
28  //

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Counsel for a party who produces information and documents which are confidential and/or proprietary may so designate the information and documents at the time of production. Copies of any records disclosed to counsel for parties pursuant to this Protective Order may be distinctively marked, provided that such marking does not obscure or obliterate the content of any record, and may be stamped with substantially the following language: "CONFIDENTIAL -- UNLAWFUL TO DUPLICATE." Thereafter, counsel for the parties shall not convey, transfer, publish, distribute, copy, duplicate or disseminate the information or documents so provided except as may be reasonably necessary for the prosecution of this litigation *only*, by communicating with the parties, or investigators, consultants and experts retained on behalf of the parties in this matter.

2. The parties and counsel shall not use such documents for any purpose other than to prepare for or to try this case only.

3. Prior to the dissemination of any such information or documents pursuant to this Protective Order, counsel shall inform such person of the terms and conditions of this Protective Order and secure such person's written agreement to be bound by it.

4. Counsel for each party shall take reasonable precaution to prevent the unauthorized or inadvertent disclosure of any of the protected information or documents.

5. If any information or document provided pursuant to this Protective Order is used in any motion filed with the Court, that information or document will be filed under seal. Under seal filings governed by Local Rule 79-5.

6. Counsel for each party shall take reasonable precaution to prevent the unauthorized or inadvertent disclosure of any of the protected information or

documents.

7. Parties may assert that particular documents designated as confidential are in fact, public knowledge or otherwise not subject to protection hereunder. Such assertion, if made, shall be discussed between counsel for the parties and if agreement cannot be reached, the matter will be submitted to the Court for resolution, and until resolved by the Court shall remain protected as confidential information hereunder.

8. All documents subject to this Protective Order that are submitted to the Court or used in any pretrial proceeding before this Court shall remain confidential and shall be accorded *in camera* treatment.

9. The inadvertent or unintentional disclosure of confidential documents/information by the defendants shall not be construed to be a waiver, in whole or in part of the defendants' claims of confidentiality either as to the specific documents or as to any other information relating thereto.

10. In the event anyone violates or threatens to violate any terms of this Protective Order, the aggrieved party may apply for injunctive relief and monetary sanctions against any such person violating or threatening to violate any of the terms of this Protective Order. This Court shall have the power to impose whatever penalties it deems appropriate for the violation of said Order, including, but not limited to, monetary and judicial sanctions and contempt.

11. The provisions of this Protective Order shall survive and remain in full force and effect after the Entry of Final Judgment (including any appellate proceedings), whether by settlement or litigation.

12. Upon final conclusion of the present litigation, copies of all documents disclosed subject to this Order shall be returned to counsel for the party who provided them.

13. The agreement of the parties embodied in this Protective Order does not

constitute an admission or agreement that any documents or information is subject to discovery, or is admissible as evidence. Designation of any information as subject to this Protective Order shall have no meaning or effect whatsoever with respect to the substantive issues in this proceeding or the claims or defenses of any party hereto.

14. This Court retains jurisdiction, both before and after the entry of Final Judgment in this case (whether by settlement or litigation), to construe, enforce and amend the provisions of this Order. The treatment of confidential information introduced at trial shall be the subject of a later order.

9/14/09
Date

PATRICK J. WALSH
U.S. Magistrate Judge